[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2230

MADELINE QUILICHINI-PAZ,

Plaintiff, Appellee,

v.

ISMAEL RAMIREZ-SOTO, ET AL.,

Defendants, Appellees.


COUNCIL OF HIGHER EDUCATION OF PR.,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Nilda M. Navarro-Cabrer and Navarro-Cabrer & Cruz-Martino on
brief for appellant.

December 4, 1998

Per Curiam. Third-party defendant, the Council on
Higher Education of Puerto Rico ("CHE"), appeals from the
district court's denial of summary judgment on the ground of
Eleventh Amendment immunity. "[P]retrial orders granting or
denying Eleventh Amendment immunity [are] immediately
appealable." Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer
Authority, 991 F.2d 935, 937 (1st Cir. 1993). Where, as in
this case, the Eleventh Amendment issue is essentially one of
law, this court affords plenary review to the district court's
denial of immunity. Id. at 938.
To aid in determining whether a state-created entity,
such as CHE, is an "arm of the state" entitled to Eleventh
Amendment immunity, this court has identified a list of factors
to be considered. See Metcalf & Eddy, 991 F.2d at 939-40. 
Applied to CHE, those factors weigh heavily in favor of
immunity. CHE lacks authority to generate revenue and relies
on the Commonwealth treasury for its funding (it may also
accept federal educational funds). It is, therefore, unable to
satisfy judgments against it from its own resources except as
funds for that purpose are legislatively provided. Compare id.at 942. CHE's powers - licensing and accrediting public and
private universities as a condition to their legal right to
operate within the commonwealth, coupled with its enforcement
powers, such as the power to issue cease and desist orders and
impose fines - are more governmental than proprietary. SeePuerto Rico Ports Authority v. M/V Manhattan Prince, 897 F.2d
1, 12 (1st Cir. 1990)(ruling that PRASA's functions of setting
and enforcing standards is governmental, not proprietary). The
statute creating CHE gives it "only such powers that are
indispensable to exercise official functions in an area vested
with great public interest such as higher education." 18
L.P.R.A. 852.
CHE is not separately incorporated. Compare Metcalf
& Eddy, 991 F.2d at 942 (noting that PRASA is separately
incorporated in ruling that it is not an arm of the
Commonwealth); Royal Caribbean Corp. v. Puerto Rico Ports
Authority, 973 F.2d 8, 11 (1st Cir. 1992) (weighing factor that
Ports Authority is a "public corporation" in ruling that it is
not an arm of the Commonwealth). Nor has the Commonwealth
"explicitly insulated itself from any financial responsibility"
with respect to CHE. Metcalf & Eddy, 991 F.2d at 940. The
Commonwealth exercises substantial control over CHE in that CHE
members are appointed by the Governor with the advice and
consent of the senate. The Commonwealth's Secretary of
Education serves as an ex-officio member of the Board. This
court has weighed such factors heavily in finding that an
entity is an arm of the Commonwealth. See In re San Juan Dupont
Plaza Hotel Fire Litigation, 888 F.2d 940, 943 (1st Cir. 1989);
Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 517
(1st Cir. 1987); Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st
Cir. 1978).
The only factors that weigh against immunity are
CHE's powers to sue and be sued and to contract. Those factors
alone, however, are not sufficient to support the district
court's denial of immunity. See University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1207 n.11; Culebras
Enterprises Corp., 813 F.2d at 517. We conclude that the
district court erred when it ruled that CHE was not an arm of
the Commonwealth for Eleventh Amendment purposes.
The district court's denial of CHE's motion for
summary judgment and request for dismissal of all claims
against it on Eleventh Amendment immunity grounds is reversed.
The case is remanded to the district court with instructions to
dismiss the third-party complaint against CHE. 

cc: Mr. Baella-Silva, Ms. Rodriguez-Mora, 
Ms. Maldonado-Colon, Ms. Navarro-Cabrer